UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Ariadna Mateo,                              Chapter 7 Case No. 04-13404-rdd

    Debtor.

Ariadna Mateo,

    Plaintiff,

  - against -                                    Adv. Pro. No.

Chase Bank USA, NA and PRA III LLC,

    Defendant.

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### INTRODUCTION

1.    This is an action for actual damages, statutory damages, punitive damages, and legal fees and expenses filed by the Plaintiff for the Defendant's improper and illegal actions and conduct which are not in compliance with and in fact are in violation of the Discharge Injunction, 11 USC § 524.

### JURISDICTION AND VENUE

2.    Jurisdiction is conferred on this Court pursuant to Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtor in that case.

3.    Venue lies in this District pursuant to Sections 1391(b) and 1409 of Title 28 of the United States Code.

4.    This matter is a core proceeding. To the extent of the non-bankruptcy claims for relief, this matter is a non-core proceeding and the Plaintiff consents to the entry of a final order in this case by the Bankruptcy Judge.

### PARTIES

5.    The Plaintiff is a natural person residing in the City of New York, County of Bronx, State of New York, and is also a debtor under the provisions of Chapter 7 of Title 11 of the United States Code.

6.  The Plaintiff is a "consumer" and "debtor" as those terms are defined under the applicable Federal and State statutes.

7.  The Defendant, Chase Bank USA, NA is a corporation that maintains a place of business at 200 White Clay Center Dr., Newark, DE 19711-5466. The Defendant transacts business within the State of New York and has significant and substantial contacts with this State.

8.  Defendant is an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) and, as such, may be served by certified mail addressed to an officer of the institution.

9.  Defendant PRA III LLC is a limited liability company organized under the laws of the State of Virginia and maintaining a place of business at 120 Corporate Blvd Ste 100, Norfolk, VA 23502-4962. The Defendant transacts business within the State of New York and has significant and substantial contacts with this State.

10. Upon information and belief, Defendants are furnishers of information to Equifax and TransUnion, "Consumer reporting agencies that compile and maintain files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

## FACTUAL ALLEGATIONS (PRE-DISCHARGE)

11. Prior to the commencement of the Chapter 7 case, the Plaintiff incurred credit card debt with account number 5260314770051521 ("Chase Debt") to Chase Bank USA, NA (hereinafter "Chase").

12. Prior to the commencement of the Chapter 7 case, the Plaintiff incurred credit card debt with account number **7671131012618563 ("First USA Debt") to First USA Bank (hereinafter "First USA").**

13. Plaintiff filed a petition in bankruptcy under Chapter 7 of the U.S. Bankruptcy Code on May 14, 2004, and said case was assigned to Judge Robert D. Drain.

14. Chase received actual notice of the commencement of the Plaintiff's Chapter 7 case by virtue of service of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

15. Plaintiff's estate was fully administered, Plaintiff received a discharge on September 20, 2004 and the case was closed.

16. Chase and First USA received actual notice of the Plaintiff's discharge by virtue of service of the Discharge Order.

17. At no time during the pendency of the within Chapter 7 case did Plaintiff enter into a reaffirmation agreement with either Chase or First USA.

18. At no time during the pendency of the within Chapter 7 case was the Plaintiff's pre-petition debt to either Chase or First USA determined to be non-dischargeable.

19. Chase and First USA had actual knowledge of the fact that Plaintiff's pre-petition obligations to Defendant had been discharged by the entry of the Discharge Order.

20.    On October 1, 2004 First USA merged into and subsequently operated as part of Chase Manhattan Bank USA, NA.

21.    On March 1, 2005 Chase Manhattan Bank USA, NA changed its name to Chase Bank USA, NA.

22.    Upon information and belief, at some point Chase sold or transferred the Chase Debt to Defendant PRA III, LLC (hereinafter "PRA").

## FACTUAL ALLEGATIONS (POST-DISCHARGE)

23.    On August 15, 2006, Plaintiff received a copy of her credit report from Equifax (hereinafter "Equifax Report"). Said report reflects the fact that Defendant continues to report the Chase Debt owed to them on the Plaintiff's public credit files as "Chase, NA". This report states that the discharged debt to Defendant has a recent balance of $2,128 as of August 2003; and that the debt was originated in September 2000. The debt is described as Revolving bearing a partial account number 526031477005xxxx. The report also indicates a status of "Charge-Off". A copy of the relevant pages of the Equifax Report is annexed hereto as Exhibit 1

24.    On August 15, 2006, Plaintiff received a copy of her credit report from TransUnion (hereinafter "TransUnion Report"). Said report reflects the fact that Defendant continues to report the Chase Debt owed to them on the Plaintiff's public credit files as "Chase NA". This report states that the discharged debt to Defendant has a recent balance of $2,128 as of September 2003; and that the debt was originated in September 2000. The debt is described as Revolving bearing account number 5260314770051521. The report also indicates a status of "Charged Off as Bad Debt" and bears the remark of "Transferred to another lender". A copy of the relevant pages of the TransUnion Report is annexed hereto as Exhibit 2

25.    The TransUnion Report also reflects the fact that Defendant continues to report the First USA debt owed to them on the Plaintiff's public credit files as "First USA Bank". This report states that the discharged debt to Defendant has a recent balance of $2,874 as of September 2003; and that the debt was originated in November 2001. The debt is described as "Line of Credit" bearing account number **7671131012618563**. The report also indicates a status of "Charged Off as Bad Debt."

26.    On August 23, 2006, Plaintiff, by her attorney, sent correspondence to Chase further advising Defendant that the Defendant was continuing to report the tradelines for the Chase Debt and First USA as past due and owing on the Plaintiff's credit reports (hereinafter "August 23, 2006 Correspondence"). A copy of the August 23, 2006 Correspondence is annexed hereto as Exhibit 3.

27.    The August 23, 2006 Correspondence stated in part as follows:

> Please consider this letter as a demand that you immediately update the information being furnished to Equifax, Experian and TransUnion and correct your reporting of this trade line within fifteen (15) calendar days of your receipt of this letter. Since this debt has been discharged in Bankruptcy, you are permitted only to report a "0" balance to the consumer reporting agencies at this time. Please also notify this office in writing when you send the Uniform Data Report notice to the credit reporting agencies requesting the correction of this

improper reporting entry.

28.     The August 23, 2006 Correspondence also stated in part as follows:

A failure to respond in the time specified will be a deemed as refusal to comply. This will leave our office with no alternative but to immediately take all necessary steps to enforce our client's rights due to your furnishing and reporting incorrect and inaccurate information to the consumer reporting agencies and for your failure to correct the same.

29.     As of the date hereof, neither Plaintiff nor counsel for Plaintiff have received a response to the August 23, 2006 Correspondence.

30.     On August 23, 2006, Plaintiff, by her attorney, sent correspondence to PRA III LLC further advising Defendant that the Defendant was continuing to report the tradelines for the Chase Debt as past due and owing on the Plaintiff's credit reports (hereinafter "August 23, 2006 PRA Correspondence"). A copy of the August 23, 2006 Correspondence is annexed hereto as Exhibit 4.

31.     The August 23, 2006 PRA Correspondence stated in part as follows:

Please consider this letter as a demand that you immediately update the information being furnished to Equifax, Experian and TransUnion and correct your reporting of this trade line within fifteen (15) calendar days of your receipt of this letter. Since this debt has been discharged in Bankruptcy, you are permitted only to report a "0" balance to the consumer reporting agencies at this time. Please also notify this office in writing when you send the Uniform Data Report notice to the credit reporting agencies requesting the correction of this improper reporting entry.

32.     The August 23, 2006 PRA Correspondence also stated in part as follows:

A failure to respond in the time specified will be a deemed as refusal to comply. This will leave our office with no alternative but to immediately take all necessary steps to enforce our client's rights due to your furnishing and reporting incorrect and inaccurate information to the consumer reporting agencies and for your failure to correct the same.

33.     As of the date hereof, neither Plaintiff nor counsel for Plaintiff have received a response to the August 23, 2006 PRA Correspondence.

34.     Equifax and TransUnion maintain credit files in the ordinary course of business.

35.     Equifax and TransUnion report information furnished by creditors such as Defendant.

36.     The Plaintiff avers that at all times relevant to the allegations herein:

   A. Defendants have substantially frustrated the discharge order entered in this case and its conduct constitutes gross violations of the discharge injunction as provided by Section 524 of Title 11 of the United States Code and further have caused the Plaintiff unwarranted

4

  and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code;

  B. Defendants knew and in fact had actual knowledge that the Plaintiff was previously involved in bankruptcy and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the Discharge Injunction provided for by Section 524 of Title 11 of the United States Code and notwithstanding such knowledge willfully failed to withdraw its erroneous credit information within the statutory time allowed by the Fair Credit Reporting Act (15 USC §1681s);

  C. Defendants at all times relevant to the allegations in this complaint knew that the Plaintiff was represented by an attorney in connection with her bankruptcy filing and that the underlying debt owed by the Plaintiff was in fact a "consumer debt" as that term is defined by applicable Federal and State statutes;

  D. Defendants intentionally failed to correct the erroneous credit information in an effort to indirectly collect a discharged debt from the Plaintiff in direct violation of the specific provisions of Section 1681s of Title 15 of the United States Code, commonly known as the Fair Credit Reporting Act;

37. Plaintiff alleges that the violations of the non-bankruptcy laws justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

38. Plaintiff is informed and believes and therefore alleges that as a result of these allegations she is entitled to the recovery of actual damages, including emotional distress, punitive damages, legal fees and expenses.

39. Plaintiff alleges that she has engaged in numerous meetings with her attorney and members of his staff about this matter.

40. The receipt of the order of discharge constituted the receipt of a dispute with regard to the completeness and accuracy of the pre-bankruptcy information in Plaintiff's consumer credit reports as provided for by 15 U.S.C. § 1681i(a)(2).

41. As such, the receipt of the Discharge Order triggered Defendant's affirmative duty to conduct a proper reinvestigation and to correct all erroneous consumer credit information.

42. The receipt of the August 23, 2006 Correspondence and August 23, 2006 PRA Correspondence each constituted the receipt of a further dispute with regard to the completeness and accuracy of the pre-bankruptcy information in Plaintiff's consumer credit reports as provided for by 15 U.S.C. § 1681i(a)(2).

43. On information and belief, the agreement transferring and/or selling the Chase Account required the Seller of the account to deliver to the Buyer any communications received by Seller with respect to the Account

44. Defendants willfully, intentionally and without any just cause failed to comply with their duties.

45. Defendants were aware that their reporting and activities would (and did) damage plaintiff and plaintiff's ability to enjoy life and utilize the credit rating and reputation and property rights she secured by honoring her obligations to her creditors.

46. Under its subscriber contract, Defendants owed a number of duties, including the duty to report truthful and accurate information about its customers, including plaintiff.

47. On numerous occasions, Defendants reported, via its contractual and legal agents, to the consumer reporting agencies, false and inaccurate information about the plaintiff, as described more fully herein.

48. Defendants willfully failed to withdraw its erroneous credit information within the statutory time allowed by 15 U.S.C. § 1681s-2(a)(1)(A)).

49. Defendants were required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff by completing a diligent inquiry into the facts underlying the tradeline and providing accurate information to the consumer reporting agencies regarding that tradeline.

50. Defendants' reinvestigation included the following duties and was required to meet the following standards:

   A. To be conducted in good faith;

   B. To be conducted in such a fashion as to assure the maximum possible accuracy of Plaintiffs credit report;

   C. To be conducted in such a way as to not violate any of the general prerequisites for Furnisher' conduct under 15 U.S.C. § 1681s-2(a) or any other statutory requirement for Furnisher of credit information;

   D. To be conducted in a reasonable fashion;

   E. To be conducted based on information reasonably available to Furnisher.

51. Defendants has likewise violated the Fair Credit Reporting Act, 15 U.S.C.§1681s-2, in every respect, including by its failing to respond to reinvestigation requests and by further supplying inaccurate and false information.

52. Defendants failed to conduct a reasonable reinvestigation of its false credit reporting when notified of plaintiff's disputes.

53. Defendants failed to properly correct its false reporting and failed to notify the consumer reporting agency, to which it subscribed, of the need to correct the false reporting.

6

54.     Defendants failed to utilize proper methods to correct its false credit reporting.

55.     Defendants failed to utilize proper credit reporting formatting and methodology.

56.     Following the reinvestigation as alleged above, Defendants reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C, § 1681s-2(b) and the duties implied to that reinvestigation under 15 U.S.C. § 1681s-2(a)(l)(A).

57.     Plaintiff alleges that Defendants failed to cause the consumer credit reports of the Plaintiff to be amended so as to list all debts owed to Defendant and discharged in bankruptcy has having a "0" credit balance.

58.     Plaintiff alleges that the Defendants were required under the Official Staff Commentary to § 607, which states that a "consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt," required Defendants to cause the consumer credit reports of the Plaintiff to be amended so as to list all debts owed to Defendants and discharged in bankruptcy as having a "0" credit balance.

59.     Plaintiff alleges that Defendants intentionally failed to cause the consumer credit reports of the Plaintiff to be amended so as to list all debts owed to Defendants and discharged in bankruptcy as having a "0" credit balance.

60.     Plaintiff alleges that credit reporting is an effort to collect a debt. *See, Riviera v. Bank One*, 645 F.R.D. 268, 272 (D.PR 1992). ("Credit reporting is a method to wrench compliance with terms of the agreement" and "Credit reporting is a method to enforce payment from the debtor.").

61.     Plaintiff alleges that the Defendants' continued furnishing of negative account information to credit reporting agencies is of the type of creditor action intended to be prohibited by the U.S. Bankruptcy Code. *In re Sommersdorf*, 139 B.R. 700 (Bankr. S.D. Ohio 1991).

62.     Defendants knew and in fact had actual knowledge that the Plaintiff was previously involved in bankruptcy and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the Discharge Injunction provided for by 11 U.S.C. § 524.

63.     Defendants has willfully violated the discharge order by attempting to collect a debt that was discharged in Bankruptcy, in violation of 11 U.S.C. §524.

64.     Defendants intentionally failed to correct the erroneous credit information in an effort to indirectly collect a discharged debt from the Plaintiff in direct violation of the specific provisions of 11 U.S.C. § 524 and 15 U.S.C. § 1681 *et seq*.

7

### PLAINTIFF'S FIRST CLAIM FOR RELIEF

65.     Plaintiff restates and realleges herein all previous paragraphs.

66.     The Plaintiff avers that as a result of the unlawful actions of the Defendant as alleged herein she has been required to devote countless and unnecessary hours to seek to correct the erroneous information on her consumer credit report.

67.     The Plaintiff also avers that she has constantly worried about this situation and has feared that the Defendants had some improper motive for the improper credit reporting.

68.     The Plaintiff alleges that the conduct of the Defendants in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

69.     The Plaintiff also alleges that in order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of Section 105 of the Code.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT

70.     Plaintiff restates and realleges herein all previous paragraphs.

71.     Defendants, by making a false statement regarding the financial position of the Plaintiff, has injured Plaintiff's reputation.

72.     The false statement made by Defendants regarding the Plaintiff has exposed Plaintiff to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, confidence and friendly intercourse in society.

73.     Plaintiff is entitled to actual and punitive damages for the act of Defamation.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendant respectfully prays of the Court as follows:

(a)     That the Plaintiff have and recover actual damages against the Defendants;

(b)     That the Plaintiff have and recover against the Defendants all reasonable legal fees and expenses incurred by her attorney;

(c)     That the finding that the Defendants willfully, intentionally and recklessly violated the provisions of the Fair Credit Reporting Act, though not alleged as a claim herein, provide grounds for the recovery of punitive damages against the Defendant; and

    (d)    That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: November 15, 2006
       New York, NY

                                                */s/ Jay S. Fleischman*
                                      Jay S. Fleischman (JF 5433)
                                      Attorney for Plaintiff
                                      FleischmanLaw, P.C.
                                      15 Maiden Lane, Suite 2000
                                      New York, NY 10038
                                      212.785.1136
                                      jay@drlcny.com (not for service)